CAMBRIDGE WATER WORKS *vs.* SOMERVILLE DYEING AND BLEACHING COMPANY & others.

Under Rev. Sts. *c.* 38, § 31, a creditor of a corporation cannot maintain a bill in equity against stockholders, who are not officers thereof, to compel payment of his claim, until he has recovered judgment thereon in an action at law against the corporation, although the corporation is joined as a party defendant in the bill.

MERRICK, J. This is a bill in equity against the Somerville Dyeing and Bleaching Company and certain persons, who are described as stockholders in the corporation. It alleges that the company is indebted to the plaintiffs in certain sums of money, for the payment of which all the other defendants are jointly and severally liable; that the company is indebted also to many persons beside the plaintiffs, and is insolvent and unable to pay all those debts in full; and it thereupon prays that an account may be taken of all the property and assets of the company, and that the same may be decreed to be appropriated to the benefit of, and distributed among, all the creditors in proportion to the amount of their respective debts; and that the defendants named as stockholders may be decreed to pay the deficiency, in proportion to the liability to which by law they are severally subjected.

The defendants, who are described as stockholders, have filed a demurrer to the bill, setting forth as one among many grounds of objection to its maintenance, that the plaintiffs have not established their alleged claim by the recovery of any judgment therefor against the corporation. To this the plaintiffs answer, in the first place, that even if, upon a proper construction of the provisions of Rev. Sts. *c* 38, § 31, such a

judgment is essential to the maintenance of a suit in equity when prosecuted against the stockholders only, the objection cannot be availed of in this, because, the corporation being here made one of the defendants, a judgment may be rendered against it as preliminary to the other decrees prayed for. But to such course of proceeding there is an insuperable difficulty The plaintiffs have a plain, adequate and complete remedy at law to recover whatever is due to them from the corporation; and no statute has prescribed or authorized a remedy of this kind for that purpose. In such a case, this court has no jurisdiction in equity of the cause of action; and therefore judgment cannot in this suit be rendered against the corporation for the amount of its alleged indebtedness to the plaintiffs.

The question then made by the demurrer arises directly upon the construction of the terms of the statute, which provides that when any of the officers or stockholders are liable, as mentioned in the two preceding sections, for the debts of the company, the person to whom they are liable may, instead of the proceedings mentioned in the said two sections, have his remedy against them by a bill in equity. Rev. Sts. *c.* 38, § 31.

This provision refers to two classes of persons who are under such liability, namely, the officers and the stockholders in the corporation. The proceedings referred to are not the same with respect to both of them. As to those persons who are merely stockholders, their persons or property may, for any debt for which they are liable, be taken on a writ of attachment or execution against the company in the same way and manner as on writs and executions against them for their individual debts. The efficient remedy thus given to the creditor consists in the right to levy an execution, issued upon a judgment rendered against the company, on the person or the private individual property of the stockholder. § 30. An attachment of property on mesne process can have no such operation or effect. It is no satisfaction of the debt or cause of action stated in the writ and declaration, but it merely creates upon the property taken a lien which is to stand as security for the ultimate payment and satisfaction of the judgment which may be recovered in the suit

in which the attachment is made.   But it is the right to enforce payment by levy of the execution which makes the remedy real and complete.   And as it is the manifest design and purpose of the statute, in the provisions of § 31, that the creditor shall have by bill in equity an equally real and substantial remedy, only in the place and stead of those proceedings by which he is thus authorized and entitled to coerce a stockholder into the payment of the debt; and as he can do this only by levy of an execution issued upon a judgment recovered against the company, it seems to be an unavoidable consequence that such a judgment is an indispensable prerequisite to the institution and maintenance of such a suit.   The creditor must first obtain a judgment and ex ecution against the company; and he is then, and not before, in a condition to make his election of the remedies given him by the statute.   He may, under the provisions of § 30, levy the ex- ecution, which he has obtained against the company, upon the person or property of a stockholder; or, instead of those pro- ceedings, may proceed against him under § 31, by bill in equity, as he shall deem most likely to secure his rights and promote his own interest.

That this is the true exposition of § 31 becomes very appa- rent upon considering what the particular proceedings referred to in it, instead of which a creditor is authorized to proceed by bill in equity against the two classes of persons respectively liable for the debt, are, and what is the difference in the method and course of proceeding in the two cases prescribed.   As to the officers of the company, it is provided that an action may be brought directly against them, or any one of them, to recover judgment on any debt for which they are liable; and that such an action, in which shall be stated in the declaration the claim against the company and the ground upon which the plaintiff expects to charge them for it, may be brought and prosecuted not- withstanding the pendency of another action against the company for the recovery of the same claim; and that both actions may be prosecuted until the plaintiff shall have obtained payment of his debt and of all his costs of suit. § 29.   It is in the place of these proceedings, that is, instead of a suit prosecuted directly

against them simultaneously with another suit against the com-
pany for the recovery of the same debt, that the creditor may at
his pleasure substitute a bill in equity against the officers ; and
therefore he may commence and prosecute it at any time, as
well before as after the recovery of a judgment against the com
pany.   But these provisions are inapplicable to those person
who are merely stockholders.   In this respect their rights are to
be protected, and their liabilities enforced under a different rule.
Their property may be attached upon a writ, but, as has already
been shown, the only effectual taking by which the creditor ob-
tains payment of his debt is by levy of the execution issued
upon the judgment which he has already obtained against the
company.   And as he is authorized to resort to a bill in equity
as an available remedy only in the place of these proceedings, it
is obvious that he must first establish his claim by a judgment
rendered in his behalf against the company.

It is easy to perceive the reason which probably induced the
legislature to ordain that this distinction in the remedies which
it gave authority for pursuing against the two classes of persons
liable for the debts of the corporation should exist.   The officers
have the control and management of its affairs, and may there-
fore be presumed to know whether the claims preferred against
it are justly due, and when a defence ought to be interposed
against a claim for which payment is demanded, and how and
in what manner and by what means an unjust demand may be
most effectually resisted.   The mere stockholder cannot be sup-
posed to have any, or an equal amount of, such knowledge and
advantages in respect to the contracts and obligations of the
company.   He has no personal possession of the books or rec-
ords of the company ; he does not transact its business, and has
no special means by which he may ascertain what contracts
have been made or what liabilities may have been incurred on
its account.   And although it may be very just and reasonable
that the stockholders shall be held ultimately responsible for the
due performance of all the obligations of a company in whose
operations and gains they have a direct and immediate interest,
it would hardly be thought reasonable to allow coercion to be

used against them as means of enforcing payment before the claim against the company was clearly proved and judicially established. They cannot make, and have at no time been allowed to make, any defence to a suit against the corporation, and therefore they can only be protected against unjust demands by the resistance which the corporation itself makes, when such claims are presented or prosecuted against it. *Holyoke Bank* v. *Goodman Paper Manuf. Co.* 9 Cush. 576. But officers have a right in the suit against themselves which is authorized by the provisions of § 29, to seek for their own protection by the interposition of a defence against the claim made against the company; and this is sufficient to account for the distinction which is made as to the remedies allowed respectively against them and against the stockholders. It is a distinction which has been constantly maintained throughout the whole series of legislative acts upon the subject. It is clearly recognized in the case of *Knowlton* v. *Ackley*, 8 Cush. 97. It was first established by *St.* 1829, *c.* 53, § 11; was reënacted in Rev. Sts. *c.* 38, §§ 29, 30; again in another form by *St.* 1851, *c.* 315; and finally in Gen. Sts. *c.* 60, §§ 31, 32.

All these considerations show that in making the provisions contained in § 31 it was the intent of the legislature that a creditor of the corporation should not have a right to bring and maintain a bill in equity against any of the stockholders until the claim upon which it is founded had first been prosecuted to final judgment against the principal debtor. Even in that stage of the proceedings when he has obtained an execution, which the law allows him to levy directly upon the person or property of any stockholder, he may find it quite important, instead of doing so, to proceed against him by some new and original process. For whether any particular person is a stockholder in the corporation is a question for the determination of which no possible opportunity was, before the enactment of *St.* 1851, *c.* 315, afforded at any point of the proceedings anterior to the rendition of judgment against the company and the issue of an execution upon it. Yet this is a question of vital importance; for if the person upon whom, or upon whose property, the execution

against the corporation is levied shall in the end prove not to have been a stockholder, the legal process will be no protection to the creditor for the acts which he has caused to be done under it, and he may afterwards be held to respond in damages for all the acts as a mere trespasser. For this reason he may often find it very convenient and attended with manifest advantage to seek the relief and protection which he may secure by proceedings in equity against the person whom he believes to stand in that relation to the corporation. This particular remedy could never have been of equal importance in reference to the officers, because, at least in all suits directly against them, the question of their personal liability in that relation is necessarily involved in the issue to be tried. But now its value is greatly diminished as to both classes, if it has not indeed been wholly superseded by the provisions of *St.* 1851, *c.* 315. It has been strenuously urged by the defendants, as a ground upon which their demurrer may be supported, that the provisions of this statute are so broad and comprehensive, and so completely embrace and cover the whole subject matter of Rev. Sts. *c.* 38, § 31, that they must operate by inevitable implication as an entire repeal of it. There is great and perhaps conclusive force in this suggestion. But it is unnecessary to place the decision of the question upon that ground, since the demurrer must be sustained for the reason that no bill in equity can be maintained, under the provisions of the Revised Statutes above referred to, against stockholders who are not officers, until judgment for the claim demanded has first been rendered against the corporation. And as no such judgment has been obtained by the plaintiffs, or can be rendered for them in this suit, the demurrer is sustained, and the bill must be dismissed.

It may be proper, though it can hardly be necessary, to add, that the recent acts of legislation in relation to the general subject of the liability of stockholders in manufacturing corporations, and the remedies which may be pursued by creditors against them, viz.: Gen. Sts. *c.* 60, §§ 31, 32, 33, and *c.* 68, § 17, which took effect since the commencement of the bill, and *St.* 1862, *c.* 218, enacted since the case was submitted to the

court, cannot affect the questions of law raised by the demurrer, and therefore that we do not intend to intimate any opinion as to the effect of any provisions contained in them.

*A. H. Fiske, G. H. Preston & C. Demond,* for several of the stockholders.

*S. Bartlett, G. G. Hubbard & J. M. Pinkerton,* for the plaintiffs